IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MUNIZ, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>WELLS FARGO & COMPANY, et al.,<br>　　　　Defendants. | Case No. 17-cv-04995-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL; VACATING HEARING DATE**<br>Re: Dkt. No. 26 |

Before the Court is plaintiff Victor Muniz's ("Muniz") "Motion for Appointment of Interim Class Counsel," filed October 5, 2017.  Defendants have filed opposition, to which Muniz replied, after which, with leave of Court, defendants filed a sur-reply.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, hereby VACATES the hearing scheduled for January 12, 2018, and rules as follows.

Ordinarily, "[w]here there are no competing lawsuits or firms," courts in this district have denied requests for appointment of interim class counsel.  See In re Seagate Tech. LLC Litig., No. 16-cv-00523-RMW, 2016 WL 3401989, at *3 (N.D. Cal. June 21, 2016) (collecting cases).  Here, there are no such competing lawsuits or firms, and Muniz's concern as to potentially related cases "on the horizon" is too speculative to warrant the relief sought. (See Reply at 4: 8-13 (stating "[n]umerous firms have created websites discussing possible claims relating to the same systematic practice alleged in this action")); see also In re Nest Labs Litig., No. 14-cv-01363-BLF, 2014 U.S. Dist. LEXIS 115596, at *4 (N.D. Cal. Aug. 18, 2014) (denying motion to appoint interim class counsel

where plaintiffs "allud[ed] to potential other 'tag-along' lawsuits on the horizon," but failed to "identif[y] any complaints actually filed, let alone any actions that [were] likely to be consolidated with" plaintiffs' case); In re Seagate Tech. LLC Litig., 16-cv-0523-RMW, 2016 WL 3401989, at *4 (finding plaintiffs' "assertions . . . speculative at best" where plaintiffs "vaguely mention[ed] the possibility of tag-a-long lawsuits and competing firms in the future").

To the extent Muniz argues interim class counsel is necessary to protect putative class members from potentially misleading communications initiated by defendants, such communications can be called to the Court's attention and addressed, if and when appropriate, irrespective of whether interim class counsel has been appointed. See Gulf Oil Co. v. Bernard, 452 U.S. 89, 100, 101 (1981) (holding "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties," including "limiting communications between parties and putative class members"); Cheverez v. Plains all Am. Pipeline, LP, No. 15-cv-4113-PSG (JEMX), 2016 WL 861107, at *2 (C.D. Cal. Mar. 3, 2016) (recognizing "court's duty to supervise communications with potential class members exists even before a class is certified"); Eshelman v. OrthoClear Holdings, Inc., No. 07-cv-01429-JSW, 2007 WL 2572349, at *2 (N.D. Cal. Sept. 4, 2007) (considering whether defendant's communication of pre-certification settlement offer was misleading).[1]

Accordingly, Muniz's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 4, 2017

MAXINE M. CHESNEY
United States District Judge

---

[1] A review of the docket for Eshelman v. OrthoClear Holdings, Inc., No. 07-cv-01429-JSW, reflects no order for appointment of interim class counsel was requested or made.

2